UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNATHAN TROY MAZZION, ) | |
| ) | Case No. 2:13-cv-00457-GMN-CWH |
| Plaintiff, ) | |
| ) | **ORDER AND FINDINGS AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| U.S. DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Motion/Application for Leave to Proceed *In Forma Pauperis* (#1), filed on March 19, 2013.  It is also before the Court on Plaintiff's Motion to Compel (#2), filed on March 19, 2013.

**I.    Application for *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court.  The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that [s]he is unable to pay such costs or give security therefore."  28 U.S.C. § 1915(a).  A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40, 69 S.Ct. 85, 93 L.Ed. 43 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them.  In the affidavit, Plaintiff reports that he has monthly wages of $1,100 and monthly expenses of $938.50.  Although Plaintiff noted that he has outstanding medical

1  bills of $11,500, he did not provide any supportive documentation and debt alone does not entitle him
2  to *in forma pauperis* status given that his income exceeds his expenses. Based on this information, the
3  Court finds that Plaintiff's income is sufficient to pay the filing fee in this case. *See Ross v. San Diego*
4  *County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in*
5  *forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried
6  significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct.
7  10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental
8  Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing*
9  *Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency
10 insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of*
11 *Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show
12 indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D.
13 R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom
14 she paid $25 per week).

15    Plaintiff's income exceed his expenses. Accordingly, the Court finds that Plaintiff has not
16 satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and he is able to pay the costs of
17 commencing this action. Having concluded that Plaintiff is not entitled at this time to proceed *in forma*
18 *pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the
19 dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state
20 a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune
21 from such relief. However, the Court notes that Plaintiff failed to provide a complaint.

22 **II.    Plaintiff's Motion to Compel**

23    On March 19, 2013, Plaintiff filed a motion to compel (#2). In doing so, Plaintiff requests that
24 the Court compel the United States Department of Veterans Affairs ("VA") to appoint a new fiduciary
25 on grounds of fiduciary mismanagement. Plaintiff has failed to state points and authority as required by
26 Local Rule 7-2 that provide this Court will the ability to grant the requested relief. In fact, the
27 Veteran's Judicial Review Act, 38 U.S.C. Section 511(a) states,
28

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b)6, the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

The VA appellate procedures provide Plaintiff with an avenue to receive a thorough review of this matter. *See* 38 U.S.C. §§ 4001, et seq., 38 C.F.R. §§ 19.1, et seq. Plaintiff has not shown that he exhausted his administrative remedies regarding appointment of a new fiduciary nor that those administrative remedies are no longer available to him. This Court will not attempt to decide whether the process of law which was made available to Plaintiff was constitutionally adequate until and unless it appears that Plaintiff has exhausted all the process of law which is available to him. *See Montgomery v. Rumsfeld*, 572 F.2d 250, 252–54 (9th Cir.1978) (finding that the Court may, in its discretion, require exhaustion of administrative remedies). Also, the Ninth Circuit has held that Section 511(a) bars judicial review of a decision regarding the amount of veteran's benefits denied by the Veterans Affairs. Plaintiff has failed to demonstrate how his claim would not be precluded by Section 511(a). For these reasons, the Court has no subject matter jurisdiction over Plaintiff's claim. Additionally, Plaintiff's motion to compel is premature given that no complaint, answer, or discovery plan and scheduling order has been filed with the Court.

Based on the foregoing and good cause appearing therefore,

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#2) is denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be **DENIED**. Plaintiff should be required to pay the filing fee of $350.00 within thirty days from the date that an Order denying Plaintiff's Application is entered. Failure to comply with that Order will result in the Court recommending dismissal of this action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held

that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 20th day of March, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**